# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MELISSA DOWNES, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. |
| vs. § | |
| § | Jury Trial Demanded |
| VISION FINANCIAL CORPORATION § | |
| AND CAVALRY PORTFOLIO § | |
| SERVICES, LLC, § | |
| Defendants § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff seeks to recover monetary damages for Defendants' violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendants in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants' transact business in this district.

## PARTIES

6. Plaintiff, Melissa Downes ("Plaintiff"), is a natural person who at all relevant times resided in the State of Texas, County of Fort Bend, and City of Missouri City.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, Vision Financial Corporation dba Vision Financial Collection Services Corp. ("Vision") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect

a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Vision is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

10. Defendant, Cavalry Portfolio Services, LLC, ("Cavalry") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

11. Cavalry is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

12. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Vision.

13. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Vision, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

14. Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Vision.

15. Vision uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16. Cavalry purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

17. Cavalry acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

18. Cavalry is thoroughly enmeshed in the debt collection business, and Cavalry is a significant participant in Vision's debt collection process.

19. Defendants, via employees and/or agents, harassed and ridiculed Plaintiff and Plaintiffs spouse (to Plaintiff), calling Plaintiff "worthless," "lazy ass," "good for nothing," an "irresponsible excuse for a human being," "disgraceful," and that Plaintiffs non-payment of the alleged debt was "criminal," the natural consequence of such language was to abuse Plaintiff.  (15 U.S.C. § 1692d(2); 1692e(4)).

20. Defendants threatened to take further action, sue, garnish and take "everything [Plaintiff] owns" if Plaintiff did not make payment to Defendants with regard to the alleged debt, actions that Defendants did not intend to take.  (15 U.S.C. §1692e(5)).

21. Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and

continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

### COUNT I—VIOLATIONS OF THE FDCPA
### DEFENDANT VISION

22. Plaintiff repeats and re-alleges each and every allegation above.

23. Defendant Vision violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Vision violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II—VIOLATIONS OF THE FDCPA
### DEFENDANT CAVALRY

24. Plaintiff repeats and re-alleges each and every allegation above.

25. Defendant Cavalry violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cavalry violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT III—VIOLATIONS OF THE TDCPA
### DEFENDANT VISION

26. Plaintiff repeats and re-alleges each and every allegation above.

27. Defendant Vision violated the Texas Debt Collection Practices Act in one or more of the following ways:

a. Threatening that Plaintiff will be arrested for nonpayment of a consumer debt without proper court proceedings (Tex Fin Code § 392.301(a)(5));

b. Threatening to file a charge, complaint, or criminal action against Plaintiff when Plaintiff has not violated a criminal law (Tex Fin Code § 392.301(a)(6));

c. Threatening that nonpayment of a consumer debt would result in the seizure, repossession, or sale of Plaintiff's property without proper court proceedings (Tex Fin Code § 392.301(a)(7));

d. Threatening to take an action prohibited by law (Tex Fin Code § 392.301(a)(8));

e. Using profane or obscene language or language intended to unreasonably abuse Plaintiff (Tex Fin Code § 392.302(1));

f. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant Vision violated the TDCPA;

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT IV—VIOLATIONS OF THE TDCPA
### DEFENDANT CAVALRY

28. Plaintiff repeats and re-alleges each and every allegation above.

29. Defendant Cavalry violated the Texas Debt Collection Practices Act in one or more of the following ways:

 a. MM to advise of any others

 b. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

 a) Adjudging that Defendant Cavalry violated the TDCPA;

 b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

 c) Awarding Plaintiff actual damages pursuant to the TDCPA;

 d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

 e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V—VIOLATIONS OF THE DTPA
## DEFENDANT VISION

30. Plaintiff reincorporates by reference herein all prior paragraphs above.

31. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 et seq., commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

32. Defendant Vision was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

33. Defendant Vision made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

34. Defendant Vision knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

35. Defendant Vision's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

36. Defendant Vision's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

37. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

38. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendants' conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally.

39. Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a) a declaratory judgment be entered that Defendant Vision's conduct violated the DTPA;

(b) an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all

attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates;

(c) an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendants' conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally;

(d) such other and further relief as may be just and proper.

## COUNT V—VIOLATIONS OF THE DTPA
## DEFENDANT CAVALRY

40. Plaintiff reincorporates by reference herein all prior paragraphs above.

41. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 et seq., commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

42. Defendant Cavalry was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

43. Defendant Cavalry made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

44. Defendant Cavalry knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

45. Defendant Cavalry's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

46. Defendant Cavalry's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

47. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

48. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendants' conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally.

49. Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment

appeals, to be detailed through a statement of services submitted at the appropriate time.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a)     a declaratory judgment be entered that Defendant Cavalry's conduct violated     the DTPA;

(b)     an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates;

(c)     an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendants' conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally;

(d)     such other and further relief as may be just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

          Respectfully submitted,

          By: /s/ Dennis R. Kurz
          Dennis R. Kurz
          Texas State Bar # 24068183
          Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
5925 Almeda Road
#20818
Houston TX 77004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

## CERTIFICATE OF SERVICE

I certify that on August 24th, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court.

          /s/ Dennis R. Kurz
          Dennis R. Kurz